**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| WHITLEY KLINGLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15 C 1609 |
| | ) | |
| CITY OF CHICAGO, MAYASOL LLC, d/b/a | ) | |
| MCDONALD'S, CHICAGO POLICE | ) | |
| OFFICER MAAS (Star # 5237), DETECTIVE | ) | |
| JOHN E. CALLAGHAN (Star # 20933), | ) | |
| and SEAN O'DUBLAN (Star #1913) | ) | |
| | ) | |
| Defendants. | ) | **JURY DEMANDED** |

## PLAINTIFF'S MOTION FOR SANCTIONS AGAINST CITY OF CHICAGO

Plaintiff, WHITLEY KLINGLER, through her attorneys, Walters O'Brien Law Offices, respectfully seeks an Order pursuant to Rule 37 of the Federal Rules of Civil Procedure as a consequence of Defendant's failure to participate in discovery, and states as follows:

Plaintiff has sent out several sets of discovery requests. To date, the Defendant City of Chicago has failed to turn over any documents in response to Plaintiff's Request to Produce, nor have they identified a single witness or document in support or in defense of any claim in this case. Additionally, Plaintiff has had to send three 37.2 letters to Defendant and bring two Motions to Compel.

During Plaintiff's investigation, Plaintiff found out from a third party that the Independent Police Review Authority ("IPRA") was present the night of the events. In addition, the Plaintiff found out that an investigation was conducted and the IPRA investigator was given a name of the officer who battered Plaintiff. In the discovery requests and 37.2 letters, Plaintiff sought all the investigative reports, including IPRA reports (see Exhibit A). As of the date of

1

this filing, Defendant City of Chicago has not tendered any information pertaining to an IPRA investigation, including documents, photographs or the name of an investigator.

Defendant City of Chicago has had the name of the individual who assaulted the Plaintiff since March 16, 2014. Defendant has refused to provide that name, first by giving the Plaintiff a false name and then by denying the existence of the investigative reports in the responses to Plaintiff's Requests to Produce (see Exhibit B).

Defendant has sought to avoid the production of any documents, avoid the presentment of the parties and witnesses for depositions, avoid answering requests to admit, and avoid providing the names of witnesses. R. 37 & 40. Fed. R. Civ. P. 37(c)(1) provides that, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) . . ., the party is not allowed to use that information or witness to supply evidence, unless the failure is substantially justified or is harmless." As set forth herein, the defendant's failure to comply with the Court's order reflects a strategic choice that falls short of the substantially justified standard, and the Defendant's inaction has prejudiced Plaintiff in a meaningful way. Accordingly, the Federal Rules of Civil Procedure provide for mandatory sanctions.

**ARGUMENT**

The Federal Rules provide for mandatory sanctions against the defendant for their refusal to comply with the Court's orders, comply with its discovery obligations and to issue Rule 26 disclosures, as well as their refusal to defend this case—let alone allow Plaintiff to prosecute it. Rule 37(c)(1) requires sanctions, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e)," specifying that the failing party, "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure

was substantially justified or is harmless." In addition to the automatic sanction of exclusion, "[o]n motion and after giving an opportunity to be heard," the Court, "(A) may order payment of the reasonable expenses, including attorneys' fees, caused by the failure; (B) may inform the jury of the party's failure; and (c) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i-(vi)." Fed. R. Civ. P. 37(c)(1).

Similarly, the Seventh Circuit has identified four factors used to determine whether to impose sanctions for violating a Court order pursuant to Rule 37, they are: 1) prejudice or surprise to the party against whom evidence is offered; 2) ability of the party to cure the prejudice; 3) likelihood of disruption to the trial; and 4) the proffering party's bad faith or willfulness in not disclosing evidence at an earlier date." *Buchanon v. McCann*, 2012 WL 1987917, *2 (N.D.Ill. 2012) (J. Dow) (citing *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)). All four factors need not be established. *Buchanon*, 2012 WL 1987917, at * 2. Moreover, preclusion of untimely or insufficiently disclosed evidence is 'automatic and mandatory' where the violation is unjustified and harms the party. See *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996).

Rule 37's mandatory exclusion provision exists to prevent one party from ambushing another with, "new theories or evidence," leaving a party without sufficient time to formulate a meaningful response. *Buchanon*, 2012 WL1987917, at *2 (citing *Rowe Int'l Corp. v. Ecast, Inc.*, 586 F. Supp. 2d 924, 934 (N.D.Ill. 2008) (J. Kennelly) (additional Seventh Circuit citation omitted)). Because the defendant's nondisclosure was neither substantially justified nor harmless, the Court should preclude Defendants from presenting any evidence or witnesses not disclosed in accord with the Court's Order. See *Qualls v. Widnall*, No. 99-3660, 2000 WL

868602, *1-2 (7th Cir. June 28, 2000) (affirming district court's exclusion of any witnesses and information not disclosed through initial Rule 26 disclosures) (see Exhibit B).

I.    The Defendant's Nondisclosures Prejudiced the Plaintiff

The defendant's failure to tender discovery documents has materially harmed Plaintiff. Pursuant to Rule 26, Defendant cannot, consistent with the Rules, withhold documents and witnesses, thereby concealing the identity of the Individual Officer Defendant and forcing Plaintiff to incur substantial attorneys' fees, at the risk of never collecting them, and paying additional costs.

The defendant's failure to issue Rule 26 disclosures, or answer Plaintiff's discovery requests is harmful and unjustified. The defendant's failure to turn over the requested documents has caused a year long delay in correcting the name of the individual Defendant.  Further, this delay caused by the non-disclosures has prevented the Plaintiff from conducting discovery in a meaningful way and wasted over a year of this court's and counsel's time.  The appropriate remedy for Defendant's failure is clearly spelled out by Rule 37 of the Federal Rules of Civil Procedure.

II.    The Defendant's Nondisclosures Are Unjustified and It Could Have Prevented the Prejudice to Plaintiff

The defendant's failure to comply with basic discovery obligations and this court's orders is unjustified. The defendant has never issued Rule 26 disclosures and defendant has continually refused to participate in the discovery process.

Further, requests for the IPRA files and the images of the officers are standard discovery requests in section 1983 cases, with which Defendant is all too familiar. Tendering these items

4

when initially requested could have saved the Plaintiff many hours of work sending out various subpoenas, drafting letters and filing Motions to Compel.  Rule 37 provides that mandatory sanctions apply in such circumstances.

    III.    <u>The Defendant's Nondisclosures Have Already Disrupted the Litigation of this Case and Have the Possibility of Disrupting the Trial</u>

Rule 37 contemplates a number of sanctions that the Court may impose on the party who refuses to cooperate in discovery. Here, the defendant's course of conduct and scheme to undermine all of Plaintiff's efforts to prove its case warrant the imposition of additional sanctions.

The Court has granted the Plaintiff's First Motion to Comply and ordered disclosure. The defendant decided not to comply.  The court then ordered the Defendant to turn over the images of certain police officers sought in the Plaintiff's Initial and Second Requests to Produce. The defendant decided not to comply again. Except, "[i]t is not the right of a party who chooses not to comply with those deadlines to be able to restructure them at will." *Finwall v. City of Chicago*, 239 F.R.D. 494, 500-01 (N.D. Ill. 2006). The defendant was fully aware of its discovery obligations and this Court's orders and simply chose not to abide by either. There is no excuse, and the failure has harmed Plaintiff and disrupted the litigation of this case.

<u>A. The Court should strike the defendants' affirmative defenses.</u>

Accordingly, not only must the Court exclude all witnesses and evidence not disclosed by the defendant in compliance with the Court's Order, the Court should also strike the defendants' affirmative defenses. The Court should exclude the defendant from offering any witnesses or

evidence not timely disclosed. For its refusal to disclose, the defendant should be excluded from offering witnesses or testimony. See Fed. R. Civ. P. 37(c)(1).

Rule 30 empowers a Court to prohibit "the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence" when they have violated an order, and also allows for "striking pleadings in whole or in part." Fed. R. Civ. P. 30(b)(2)(A)(ii), (iii).

Here, Defendant City of Chicago has asserted two Rule 12(b)(6) defenses and ten affirmative defenses in its answer. The Defendant has not participated in discovery and has not identified any basis for any defense. Therefore, the defendant should not be permitted to assert any affirmative defenses, and said defenses should be stricken.

IV.    The Defendant's Nondisclosures Have Been in Bad Faith

Moreover, "[t]his is not a case where the disclosure was late by a trivial amount of time." *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758-59 (7th Cir. 2004). It has been over 8 months since the Court's first Order to Comply entered on October 26, 2015 and over 1 month since the Court's second order entered May 27, 2016.  In addition, it has been nearly a year since Plaintiff initially sent out their Requests to Produce on August 18, 2015.  The Defendant still has not attempted to comply.

The Defendant's conduct requires sanctions. See *E360 Insight, Inc. v. Spamhaus Project*, 658 F.3d 637, 643 (7th Cir. 2011)(Courts may consider the party's conduct in light of "the entire procedural history of the case" when determining a sanction). Therefore, this Court should grant Plaintiff's motion.

WHEREFORE the Plaintiff, WHITLEY KLINGLER, respectfully requests that this Honorable Court grant her motion for sanctions and the relief suggested by Plaintiff, and provide any further relief it deems equitable and just.

Dated: July 1, 2016

Respectfully Submitted,

s/ Kellie Walters_____

Walters O'Brien Law Offices
800 W. Huron Street
Suite 4E
Chicago, IL 60642
312-428-5890

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney swears and affirms that Plaintiff's Motion for Sanctions has been

tendered to all interested parties on July 1, 2016 via the Northern District of Illinois' ECF

system:

_s/ Kellie Walters____